**CONSTRUCTION, INC., Plaintiff-Appellant,**

v.

**UNIT CRANE & SHOVEL CORP., Defendant-Appellee.**

**No. 19805.**

United States Court of Appeals, Sixth Circuit.

July 16, 1970.

Martin S. Goldberg, Youngstown, Ohio, for plaintiff-appellant.

John H. Ranz, Youngstown, Ohio, for defendant-appellee; John D. Liber, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, on brief.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Plaintiff-Appellant, Construction, Incorporated, engaged in the installation of water lines and sewers, appeals from dismissal of its suit against defendant-appellee, Unit Crane & Shovel Corp. Defendant was a manufacturer of hydraulic cranes and backhoes. The case was tried to District Judge James Connell, sitting without a jury, in the United States District Court for the Northern District of Ohio. Ohio law was controlling in this diversity suit for damages for breach of warranty.

We affirm.

In July of 1965, plaintiff-appellant, Construction, Inc., purchased an hydraulic backhoe manufactured by defendant, Unit Crane, from an independent dealer, the J. J. Turner Company of Cleveland, Ohio. The purchase price was $36,874. The backhoe was expressly warranted to be suitable for use in the heavy trenching that would be done as a part of plaintiff's work in placing pipelines in the ground. The evidence made clear, however, that the backhoe was not intended for use in breaking up rock that otherwise would require dynamiting. A parts manual delivered with the machine contained a warranty that the backhoe would be free from defects in material and workmanship. This same manual provided that defendant's responsibility for defective parts and workmanship would be limited to the repair or replacement of such defective parts for a period of six months. Expressly excluded, also, was any liability for consequential damages, such as loss of time or profits while the backhoe was down for repairs.

The trial judge excluded evidence offered to establish such alleged consequential damages. Defendant did, for the period of six months after sale, make repairs to the backhoe at no cost to the plaintiff.

Defendant-appellee introduced evidence that whatever damages resulted to the backhoe were the result of its misuse as a substitute for dynamite in breaking up rock formations encountered in the progress of the work. There was neither any express nor implied warranty that the backhoe could be so used and the District Judge held that such was a misuse of the machine. Upon the evidence before him, expert and otherwise, he concluded that the damage to the backhoe was due entirely to such misuse. His Findings of Fact included the following:

"6. Plaintiff offered no evidence that the backhoe was defectively designed.

"8. Within ten (10) weeks after plaintiff [appellant] had received delivery of said backhoe, the operator's cab began to fall apart, the cab body developed cracks; the boom developed cracks; the diesel engine developed trouble and various other things went wrong with such backhoe solely by reason of the fact that plaintiff [appellant] had abused it by pounding rock with its bucket while attempting to excavate in areas containing rock. Such use of said backhoe constituted a misuse thereof and was the principal reason for most of the repairs and replacements of parts which were made by defendant [appellee] within the six month period immediately following its delivery to plaintiff.

"9. Plaintiff's [appellant's] misuse of such backhoe brought about all of the damages which plaintiff [appellant] claims to have sustained as a result of being unable to use such backhoe during the periods it was being repaired."

We are satisfied, from our review of the evidence, that such findings were supported by substantial evidence, were not clearly erroneous, and were dispositive of the case. In summary, such findings are that appellant purchased and received a backhoe in good working order and simply beat it apart by using it as a substitute for dynamite to excavate rock. No warranty of any type was made by appellee that the backhoe could be used in such a manner without the resultant destruction of the backhoe. Because the findings are not clearly erroneous, Rule 52(a) F.R.Civ.P., we are foreclosed from independently testing them.

The foregoing conclusions make it unnecessary that we consider charged errors of law. None of them impaired the validity of the dispositive factual findings.

Judgment affirmed.